

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 5, 1965

This Opinion
Affirms Opinion

# *WW-1422*

*WW-1446*  C-110
*WW-1466*  C-213
         C-223
         C-339

Honorable Paul O. Wylie
County Attorney
Archer County
Archer City, Texas

Opinion C-397

Re: Whether a District Judge,
    when assigned to a Court
    outside his district, is
    entitled to be paid by
    the County to which he
    is assigned, in addition
    to his regular salary,
    the difference between
    the compensation which
    he is paid from all
    sources (exclusive of
    the $25.00 per diem pay
    provided for under Ar-
    ticle 200a, V.C.S.) and
    that paid from all sour-
    ces to the judge for

Dear Mr. Wylie:                          whom he is sitting.

        You have requested the opinion of this office regarding
the above question. Numerous opinions of the Attorney General
have been written regarding this general subject, but they have
each been directed to a particular problem. It is therefore
felt that another opinion, in the nature of a general statement
of the law in this area, is in order.

        The authority to assign a district judge or retired
district judge to a bench outside his assigned county and ju-
dicial district is found in Article 200a, Vernon's Civil Sta-
tutes. Section 5a thereof provides for the mechanics of the
assignments and further provides as follows:

        "The compensation, salaries and expenses of
such judges while so assigned or reassigned shall be

paid in accordance with the laws of the state, except that the salary of such retired judges shall be paid out of moneys appropriated from the General Revenue Fund for such purpose in an amount representing the difference between all of the retirement benefits of such judge as a retired district judge and the salary and compensation from all sources of the judge of the court wherein he is assigned, and determined pro-rata for the period of time he actually sits as such assigned judge."

Section 10 of Article 200a, Vernon's Civil Statutes, provides as follows:

"Sec. 10. When the district judges are assigned under the provisions of this Act to districts other than their own district, and out of their own counties, they shall, in addition to all other compensation permitted or authorized by law, receive their actual expenses in going to and returning from their several assignments, and their actual living expenses while in the performance of their duties under assignments, which expenses shall be paid out of the General Fund of the county in which their duties under assignments are performed, upon accounts certified and approved by the Presiding Judge of the Administrative District."

By amendment in 1961, Section 2a was added to Article 200a, and Subsection 4 of the said Section 2a reads as follows:

"In addition to, and cumulative of, all other compensation and expenses authorized by law and this Act, judges who are required to hold court outside their own districts and out of their own counties under the provisions of this Act, shall receive a per diem of Twenty-Five ($25.00) Dollars for each day, or fraction thereof, which they spend outside their said districts and counties in the performance of their duties; such additional compensation to be paid in the same manner as their salaries are paid by the State upon certificates of approval by the Chief Justice or by the Presiding Judge of the Administrative Judicial District in which they reside."

From these statutes above quoted, it can be seen that a district judge, when assigned outside his own county and judicial district, is entitled to receive his actual traveling and living expenses, by virtue of Section 10 of Article 200a; and a per diem of $25.00 in addition to all other amounts, by virtue of Section 2a (4) of Article 200a. A retired district judge is also entitled to the $25.00 per diem payment. Attorney General's Opinion No. WW-1422 (1962.)

Article 200a provides for a differential payment upon assignment only in the case of a retired district judge. If such differential payments are properly made to active district judges, there must be a statutory basis other than Article 200a. Such statutory basis can be found in certain special statutes. In Article 6819a-19, Vernon's Civil Statutes, we find the following provision:

> ". . .Any District Judge of the state who may be assigned to sit for the Judge of any District Court in such counties under the provisions of Article 200-A, Revised Civil Statutes, may, while so serving, receive in addition to his necessary expenses, additional compensation from county funds in an amount not to exceed the difference between the pay of such visiting judge from all sources and that pay received from all sources by District Judges in the counties affected by the provisions of this Act. . . ."

Article 6819a-19 is applicable to all counties having 800,000 or more population, having 12 or more district courts and 3 or more criminal district courts. The same differential pay provision for assigned judges is found in counties affected by Articles 6819a-19b, 6819a-19c, 6819a-22, 6819a-25, 6819a-25a, 6819a-26, and 6819a-36, these statutes all being similarly restricted by reference to population and number of courts.

In view of the specific nature of the provisions in the statutes cited above, it is the opinion of this office that a district judge, when assigned to a court outside his district and county, is entitled to be paid by the county to which he is assigned, in addition to his regular salary, the difference between the compensation which he is paid from all sources (exclusive of the $25.00 per diem pay provided for by Article 200a, V.C.S.) and that paid from all sources to the judge for whom

he is sitting, only when such assignment of an active district judge is made to a county affected by the statutes cited in the preceding paragraph.

A retired district judge is entitled to differential pay whenever he is assigned to an active bench, by virtue of Section 5a of Article 200a, Vernon's Civil Statutes, such payment being made from the General Revenue Fund of the State.

Previous opinions issued by this office regarding particular fact situations arising under Article 200a, V.C.S., are reaffirmed insofar as they do not conflict with the opinions expressed herein. See Attorney General's Opinions WW-1422 (1962), supra; WW-1446 (1962); WW-1466 (1962); C-110 (1963); C-213 (1964); C-223 (1964); C-339 (1964.)

## SUMMARY

An active district judge, when assigned outside his judicial district and county, is entitled to the following payments:

(1) Actual travel and living expenses, under Article 200a, Sec. 10, V.C.S.;

(2) $25.00 per diem for each day or fraction thereof, under Article 200a, Sec. 2a (4), V.C.S.;

(3) Differential pay when assigned to counties wherein such pay is specifically authorized.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:clg

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
H. Grady Chandler
J. Arthur Sandlin
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL

By:   Stanton Stone